Baldwin, J.
delivered the opinion of the Court.
It appears to the Court, that though Thomas Baldwin was nominally the purchaser from Lewis Harlan of the tract of land mentioned in the articles of agreement between them, yet that in truth the said Baldwin made said purchase by the authority and for the benefit of William Hill: that shortly thereafter, the said Baldwin delivered said articles of agreement to the said Wil *66 Ham Hill, to enable the latter to have the ownership and enjoyment of said tract of land, of which he immediately took possession, and continued to occupy and en-same for ten or more years, when he sold the same to Samuel M’Camant and Jonathan Cook, who procured an assignment of said articles of agreement to be made from said Baldwin to said M ’ Camant: that said M’ Camant and Cook thereafter sold the said tract of land to Jackson Carter: that subsequently and pending this suit, the said M’Camant obtained a decree of the County Court of Grayson, for the conveyance to him of the said tract of land, by or on the part of the heirs at law of the said Lewis Harlan, who had died, and by which decree a balance of purchase money due to said Harlan’s estate upon the contract in the name of said Baldioin, and in the hands of a receiver of the Court, was directed to be paid to any person legally authorized to receive the same ; and that Seabert Cochran, who had asserted a claim to the land in controversy under a recent purchase and conveyance thereof from the heirs of said Harlan, has abandoned the same.
And it farther appears to the Court that while the said William Hill held and occupied the said tract of land, under his purchase aforesaid, made through the agency of said Baldwin, he the said William Hill and his brother John Hill, who owned a tract of land thereto adjoining, ran and marked a line which they then verbally agreed should be the dividing line between them, the effect of which was, and the parties so intended, to cut off a small portion, said to contain twelve acres, from the said tract of the said William Hill, and throw the same into the said tract of the said John Hill: that afterwards the said John Hill sold his said tract to John Mitchell, who subsequently sold a part thereof to the appellant: which sales, from the said John Hill to the said John Mitchell, and from the latter to the appellant, were according to the said division line, and embraced *67 (he small portion said to contain twelve acres so acquired from the said William Hill: that the said John Hill and those claiming under him as aforesaid, have held respectively, the actual possession thereof, and claimed according to the said division line, and the said John Mitchell and the appellant respectively, have made valuable improvements upon the small portion aforesaid : and that by a decree of the County Court of Grayson obtained by the said John Mitchell against the heirs at law of the said John Hill, who had died, a conveyance by a commissioner was directed to be made, on the part of said heirs, to the appellant, for the land purchased by him as aforesaid.
And it farther appears to the Court that the said William Hill resided on the tract of land acquired and sold by him as aforesaid, and had knowledge of the progress of the improvements made by the said John Mitchell and the appellant respectively, upon the aforesaid small portion, said to contain twelve acres, now in controversy, without asserting any claim on his part; and that the said M' Camant and GooJc, and the said Jackson Carter, at the time of their respective purchases, had notice of the existence of the division line aforesaid, and believed the same to be the true boundary of the land so purchased by them.
The Court is therefore of opinion, that the appellant has shewn a good right, under the circumstances of his case, to relief in a Court of Equity; and that the said Circuit Court erred in dissolving the injunction which had been granted the appellant to the judgment at law recovered against him in the names of the heirs at law of said Harlan, and in dismissing his bill; instead of quieting him in his possession and enjoyment of the land in controversy, and causing a proper conveyance to be made to him of the legal title thereto, upon his paying a due proportion of the purchase money due to the estate of said Harlan, to be ascertained by the relative' *68 value which the land in controversy bore to the rest of the land acquired by the said William Hill from the said Harlan, at the time of his purchase thereof through the agency of said Baldwin.
It is therefore adjudged, ordered and decreed, that the said decree of the said Circuit Court be reversed and annulled, with costs to the appellant against the appellees M’Camant, Cook and Carter, and that the appellant’s injunction be reinstated, and the cause remanded to the said Circuit Court to be there farther proceeded in according to the principles of this decree, with instructions to cause any additional parties to be made that may be deemed necessary for that purpose.